Filed 9/18/25  Vlught v. DeAguilera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| BARRY VLUGHT, | C100471 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. STK-CV-URP-2021-0001550) |
| v. | |
| JAMES DEAGUILERA, | |
| Defendant, Cross-complainant and Appellant. | |

SUMMARY OF THE APPEAL

In this appeal, defendant, cross-complainant, and appellant James DeAguilera appears to be challenging a trial court decision that determined he would take nothing from a cross-complaint in this action.  Given the deficiencies in DeAguilera's briefing and the record, we affirm the decision.

FACTS AND HISTORY OF THE PROCEEDINGS

<u>Proceedings</u> <u>in</u> <u>the</u> <u>Trial</u> <u>Court</u>

Plaintiff, cross-defendant, and respondent Barry Vlught rented commercial space to DeAguilera.  The lease term was three years, beginning in November 2019, and the

1

rent was $4,400 a month. DeAguilera last paid the full rent in April 2020, paid a partial amount in June 2020, and sent Vlught notification in February 2021 that he intended to breach the lease agreement and return possession to Vlught.

Vlught, as the managing member of 540 Aurora Street, LLC (Aurora), brought an action against DeAguilera alleging causes of action for anticipatory breach of the lease agreement, breach of the written lease agreement, and declaratory relief.

According to the trial court register of actions, DeAguilera filed a cross-complaint for damages against Vlught based on an alleged breach of the covenant of quiet enjoyment and possession. According to the decision after the court trial, the basis for the cross-complaint was that Vlught allegedly did not cooperate with DeAguilera's efforts to obtain a cannabis delivery license from the City of Stockton (City), which would have enabled DeAguilera to use the property to run a cannabis delivery business as was his plan when he leased the property. It was, and is, DeAguilera's position that Vlught was obligated to provide the City with a title report under the covenant of quiet enjoyment, because that report was needed for DeAguilera to obtain approval to use the property for a cannabis delivery business.

The trial court conducted a bench trial, at which DeAguilera and Vlught testified. Throughout the trial, various exhibits were admitted into evidence, including the commercial lease agreement, e-mails to and from the City, and e-mails between the parties. The trial court took judicial notice of documents that showed that (1) in 1978, the Department of Transportation (Caltrans) leased airspace on the parcel where the premises that are the subject of the lease in question are located to Blatt Development (Blatt); and (2) in 2001, Blatt assigned and transferred its interest in the airspace lease to Aurora.

At trial, Vlught acknowledged he knew DeAguilera wanted to use the property for a cannabis delivery business. He testified he had told DeAguilera that Caltrans might have objections, and that he would not and Caltrans likely would not approve cannabis being on the property. Vlught testified that he and DeAguilera agreed there would be no

2

cannabis on the property. He admitted he never told Caltrans that DeAguilera had planned to operate a cannabis delivery business.

According to the trial court's decision, a letter explaining the City's reasons for denying DeAguilera's license application said, " '[t]he subject application concerns a building located underneath U.S. Interstate 5. In our June 6, 2020 letter, the City indicated that owner authorization is required to process the application. Caltrans has informed the City of Stockton that the subject property . . . is under an Airspace Right-of-Way Use Agreement and that the terms of that agreement preclude operation of a business involved in an activity (i.e., cannabis) prohibited by federal law. Cannabis is currently considered a Schedule 1 Narcotic under federal law and, therefore, Caltrans indicates the subject property may not be occupied by a land use including such substances.' (See Exhibit 26.)"

On September 8, 2023, the trial court entered a decision after court trial. The trial court found that Vlught had established his right to damages under his anticipatory breach and breach causes of actions, and it awarded Vlught 16 months' in rent, less deposits, in damages. It also awarded Vlught attorney's fees and costs to be determined by future motions and filings documenting costs.

The trial court found DeAguilera had failed to prove Vlught breached a contract or violated the covenant of quiet enjoyment and/or possession. The trial court stated there was no evidence that Vlught had undertaken any obligation to assist DeAguilera in obtaining a license for cannabis delivery from the City. The trial court also found there was no evidence that Vlught had represented the property would be guaranteed a license for cannabis delivery by the City or State, or that he represented Caltrans would authorize the use. The trial court said that DeAguilera was free to dispute the City's determination. The trial court found DeAguilera was aware when he entered the lease that the premises were under an airspace right-of-way use agreement, and he knew that Vlught did not own the land "just the right to the premises via the Airspace Right-of-Way Use Agreement."

3

In the decision the trial court directed Vlught to prepare a judgment for court signature.

DeAguilera unsuccessfully filed a motion for a new trial and a confusingly titled, "Motion to Set Aside Judgment Motion and to Extend Time for Filing of Motion for New Trial and/or Correct Court Ruling re: Notice of Intent to Move for New Trial, [Code Civ. Proc. §§ 656, et al., 659, subd, (a)(2), & 473], Rules of Court 60."

On November 16, 2023, the trial court entered an order granting Vlught's unopposed motion for attorney's fees. On December 11, 2023, Vlught served a "Notice of Entry of Judgment *or* Order," (italics added) which provided notice of entry of the attorney's fees order. The register of actions lists the filed document as a "Notice of Entry of Order."

Notice of Appeal and Record Preparation

DeAguilera filed a notice of appeal on February 7, 2024. According to the notice, the appeal is from the Judgment After Court trial which was entered, "December 11, 2023. Notice of Entry of Judgment. [*Sic.*]."

DeAguilera filed two notices designating the record, one on May 21, 2024, and one on August 6, 2024. Both designate the "09/08/2023" document as the "[j]udgment or ordered appealed from," and the "12/11/2023" document as the "[n]otice of entry of judgment" for inclusion in the clerk's transcript. Both designate an oral transcript from the trial for inclusion in the reporter's transcript. Both identify plaintiff's exhibits numbered three through six for inclusion in the clerk's transcript. However, while the attachments to the May 21, 2024, notice list the January 31, 2022, cross-complaint, a variety of filings, and additional exhibits for inclusion in the clerk's transcript, the August 6, 2024, filing does not include those lists.

On October 25, 2024, this court issued an order noting the trial court had notified this court that DeAguilera did not provide the trial court with a provisional approval of

4

his Transcript Reimbursement Fund application in a timely matter. We allowed this matter to proceed without a reporter's transcript. However, in December 2024, DeAguilera filed a motion to augment the record, and attached a copy of the oral transcript from the trial court proceedings. We granted the motion.

We received the clerk's transcript on October 31, 2024. A copy of the clerk's transcript was served on both parties by mail on October 29, 2024. The clerk's transcript does not contain a document labeled as a judgment. It does not contain a copy of the cross-complaint. The attached register of actions does not appear to identify a judgment or notice of entry of judgment.

With the clerk's transcript, we received a declaration from the trial court clerk that states the trial court did not have the exhibits requested in DeAguilera's August 6, 2024, notice designating the record or those requested in Vlught's notice designating the record. The exhibits identified in the attachments to DeAguilera's May 21, 2024, notice designating the record were not included with the clerk's transcript.

Neither party to the appeal has filed a request to augment the record with the missing filings or exhibits. Neither party has demonstrated they made any effort to reach a settled statement regarding the exhibits or to reconstruct them if the exhibits were not available to them.

DISCUSSION

I

*Problems in Identifying the Subject Judgment or Order*

In his opening brief, DeAguilera says, "this is an appeal of the trial court's order and decision filed September 8, 2023 . . . " In contrast, the notice of appeal says it is from a "Judgment after court trial," and, where the form notice has an appellant fill in the date when the judgment or order appealed from was entered, DeAguilera identified the December 11, 2023, "Notice of Entry of Judgment." The only document in the record

5

dated December 11, 2023, is more aptly described as a notice of entry of *order*, with which Vlught provided notice of entry of an order awarding him attorney's fees and costs. Moreover, though the trial court ordered Vlught to prepare a judgment, there is nothing labeled a "judgment" contained in the record. This creates quite a bit of confusion if not doubt as to whether a judgment was ever actually prepared and entered in this matter.

"To appeal from a superior court judgment or an appealable order of a superior court . . . an appellant must serve and file a notice of appeal in that superior court. . . . [¶] The notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a).)

A notice of appeal, "may be deemed sufficient if it has not misled or prejudiced the respondent," (*Red Mountain, LLC. v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 344) and here it is not clear Vlught suffered prejudice because of this vague notice. But, the uncertainties generated by this notice are aggravated by an omission in DeAguilera's briefing: DeAguilera has not included a statement of appealability in his opening brief. (See Cal. Rules of Court, rule 8.204(a)(2)(B).)

Under the California Rules of Court, rule 8.204(a)(2)(B), an appellant's opening brief must, "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." "In discussing the predecessor rule, we have explained as follows: 'Where an appeal is taken from an order other than a final judgment, [former] rule 13's statement of appealability serves multiple purposes. First*, it requires an appellant to make the preliminary and fundamental determination* that the order appealed from is, in fact, an appealable order or judgment. [Citation.] Second, it demonstrates both to other parties and to the Court of Appeal, before work on the merits of a case [has] begun, why the order is appealable.' (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 556, [].)" (*Good v. Miller* (2013) 214 Cal.App.4th 472, 477, italics added.)

6

Based on this deficiency alone, we would be not inclined to consider DeAguilera's arguments, but the record and briefing include additional flaws that are fatal.

II

*Appellant Has Not Met His Burden on Appeal*

A.    <u>We</u> <u>Will</u> <u>Treat</u> <u>the</u> <u>Standard</u> <u>as</u> <u>Substantial</u> <u>Evidence</u>

DeAguilera's opening brief does not contain a clear statement of the standard of review.  That is, the brief does not contain a separate heading stating the standard of review, summarize the standard, or support an argument that the standard is appropriate with citation to authority.  (See Cal. Rules of Court, rule 8.204(a)(1)(B); see also *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201 [appellate arguments are forfeited when a party violates the rule that requires them to be under separate headings].)

In his respondent's brief, Vlught (1) writes DeAguilera, "does not cite any law regarding the appellate standard of review for his claim on appeal," and (2) posits that the standard of review is the substantial evidence test.  DeAguilera does not respond to these arguments in his reply.

" 'Arguments should be tailored according to the applicable standard of appellate review.' (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388 [].)  Failure to acknowledge the proper scope of review is a concession of a lack of merit.  (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021 [].)" (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465.)  This omission alone could be fatal.  (See *Ewald v. Nationstar Mortgage, LLC.* (2017) 13 Cal.App.5th 947, 948.)  Yet, perhaps even more importantly, DeAguilera cannot meet the substantial evidence standard Vlught identifies with this record.

"If substantial evidence supports factual findings, those findings must not be disturbed on appeal.  [Citation.]  Inferences favorable to appellants may create conflicts

7

in the evidence, but that is of no consequence. [Citation.] When a civil appeal challenges findings of fact, the appellate court's power begins and ends with a determination of whether there is any substantial evidence—contradicted or uncontradicted—to support the trial court findings. [Citation.] We must therefore view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.)

### B. DeAguilera Has Not Satisfied the Substantial Evidence Requirement

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' ([citation]; see Cal. Const., art. VI, § 13.) 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' (*Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127 [].) ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [].) 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [].)" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, fn. omitted.)

Here, while DeAguilera identifies and cites multiple exhibits to purportedly support his arguments and version of the facts in his briefs, *none* of the cited exhibits has been provided. This includes the commercial lease that he alleges was breached, and e-mails between the parties. We do not know what those exhibits may have revealed to the trial court about (1) the parties understanding about the purpose of the lease; (2) the obligations Vlught took on or disavowed to ensure Vlught could use the premises for cannabis distribution; (3) whether, in fact, the issues raised by the City, particularly any regarding Caltrans approval, could only be resolved with the cooperation of Vlught; and/or (4) the degree to which DeAguilera understood and took on the risk that he might not obtain a cannabis distribution license when he agreed to a three-year lease. "Where exhibits are missing we will not presume they would undermine the judgment." (*Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 291.)

Here, while DeAguilera did designate the exhibits he wanted this court to consider, the trial court said they did not have the exhibits. This did not relieve DeAguilera of his burden to ensure we received the pertinent exhibits.

In *People v. Coley* (1997) 52 Cal.App.4th 964, 970, this court considered a criminal defendant's argument that evidence was insufficient to sustain his conviction because some of the exhibits used in the lower court were unavailable for examination on appeal. We were not persuaded. (See *ibid.*) This court noted that when exhibits are unavailable, a defendant must try to reconstruct them. (See *ibid.* [Burden to produce "is not carried by simply citing an administrative dereliction. Lost exhibits may be reconstructed in many instances"].) Those reconstructions can then be reviewed "as if they had not been lost, with no resulting prejudice to the defendant." (*Ibid.*) We found that to carry the burden to perfect an appeal and show error, a defendant must move for reconstruction of lost exhibits. (*Id.* at p. 972.) We see no reason to not apply this reasoning here. If the trial court did not have the cited exhibits, DeAguilera needed to attempt to reconstruct them for this court's review. Given the amount of time that has

9

elapsed since the trial court declared it could not locate the exhibits DeAguilera cites, he has had ample time to correct this deficiency.  We will not accept defendant's assertions that we must reverse the trial court decision based on, among other things, the content of the missing exhibits.

DISPOSITION

The trial court's decision is affirmed.

/s/
HULL, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10